## WINSTON, HARPER, FISHER COMPANY, a Corporation, v. T. A. PRICE, as Sheriff of Kidder County, North Dakota.

### (164 N. W. 101.)

County court — appeal from — sheriff — amercement of — execution — levy under — refusal to make — judgment — not docketed in sheriff's county.

This is an appeal from an order of the county court of Wells county denying a motion to amerce or fine the sheriff of Kidder county for refusing to levy an execution for $11.02 on real property, when the judgment was not docketed in his county. The order is clearly right, and it is affirmed with costs, and the case remanded.

Opinion filed July 25, 1917.

An appeal from the County Court of Wells County, Honorable *Fred Jansonious,* Judge.

Affirmed.

*Geo. H. Stillman,* attorney for appellant.

The Constitution provides for county courts, and they shall have concurrent jurisdiction with the district courts in civil actions not involving more than $1,000. Mead v. First Nat. Bank, 24 N. D. 12, 138 N. W. 365.

"Concurrent" means "that jurisdiction exercised by different courts

at the same time over the same subject-matter and within the same territory and wherein litigants may, in the first instance, resort to either court, indifferently." 11 Cyc. 661.

Such courts are guided by the Practice Act of this state. N. D. Laws 1895, §§ 1, 10, chap. 43; N. D. Laws 1909, §§ 2, 21, chap. 80.

"Where, however, land is levied on under an execution issued on a judgment which is not a lien on such land, the execution levy creates a lien on it." 17 Cyc. 1050; Riland v. Eckert, 23 Pa. 215; Fry v. Wurtzel, 1 Woodw. Dec. 147; Low v. Adams, 6 Cal. 277; Bagley v. Ward, 37 Cal. 122, 99 Am. Dec. 256.

County courts derive their basic foundation from the same source as the district courts, and they shall follow the same procedure except where inapplicable by constitutional or statutory provisions. Comp. Laws 1913, § 8950.

*Fordyce C. Eastwold (J. J. Youngblood, of counsel), for respondent.*

A judgment in or on which an execution is sought to be enforced must be docketed in the county where enforcement is sought, and especially is this the law where the levy is sought against real property.

The officer called upon to enforce such execution has the right to look into the records, and to determine therefrom the validity of the execution upon which he is to act. Comp. Laws 1913, §§ 7716 and 7718.

Robinson, J. This is an appeal from an order of the county court of Wells county denying a motion to amerce the sheriff for a failure to levy an execution on real property in Kidder county. The execution was for $11.02. The sheriff refused to make the levy for the reason that the judgment had not been docketed in his county. The sheriff was perfectly right. The statute is that when an execution is against the property of a judgment debtor it may be issued to the sheriff of any county where the judgment is docketed. Comp. Laws 1913, § 7715. And when a judgment is rendered by a county court a certified transcript of the same may be filed in the office of the clerk of the district court and the judgment docketed therein, and from the time of docketing it becomes a judgment of the district court for the purpose of an execution and a lien upon real property owned by the judgment debtor. Then the clerk of the district court may give a

certified transcript of the judgment to be docketed in any other county, and no execution shall issue out of the county court upon any judgment upon which an abstract has been issued and filed in the district court. Comp. Laws 1913, § 8943. The sheriff was clearly right.

And this, for himself, the writer declares: That it is in no way proper for an attorney to belittle himself and the court by taking an appeal on such a small matter; and also that the statute in regard to the amercement of a sheriff is of barbarous and despotic origin, and it is contrary to the spirit of our Constitution, and the amercement or fine should never be imposed except in cases of grave and wilful fault, resulting in grave injury. The true purpose of the law is to administer fair and honest and honorable justice, and not to aid in robbing a sheriff or a bank or any party. The order is affirmed, with costs.

GRACE, J. I concur in the result.